UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HUSSAIN D. VAHIDALLAH,

Plaintiff,

v.

EMIRATES AIRLINE TERMINAL 4 JOHN F. KENNEDY INTERNATIONAL AIRPORT,

Defendant.

Case No. 18-cv-0419 DMS (MDD)

**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND (2) DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM**

Plaintiff Hussain D. Vahidallah, a nonprisoner proceeding *pro se*, filed a Complaint against Defendant Emirates Ailrine Terminal 4 John F. Kennedy International Airport. Plaintiff has not paid the $400 civil filing fee required to commence this action, but rather, has filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

**A.  Motion to Proceed IFP**

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of a suit without prepayment of fees if plaintiffs submit an affidavit, including a statement of all their assets, showing that they are unable to pay filing fees. *See* 28 U.S.C. § 1915(a). Here, Plaintiff has submitted an affidavit sufficiently showing

that he lacks the financial resources to pay filing fees. Accordingly, Plaintiff's motion to proceed IFP is granted.

**B.** *Sua Sponte* **Screening**

Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a), is subject to a mandatory and *sua sponte* review and dismissal by the Court, if it finds the Complaint is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal courts—unlike state courts—are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can only adjudicate those cases in which the United States Constitution and Congress authorize them to adjudicate. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). In the federal courts, subject matter jurisdiction may arise from either "federal question jurisdiction" or "diversity jurisdiction." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. §§ 1331–32. To invoke diversity jurisdiction, the complaint must allege that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States ... [or] citizens of a State and citizens or subjects of a foreign state...." 28 U.S.C. § 1332(a). To invoke federal question jurisdiction, the complaint must allege that the "action[ ] aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377. Subject matter jurisdiction is determined from the face of the complaint. *See Caterpillar Inc.*, 482 U.S. at 392 ("federal jurisdiction exists only when a federal question is

presented on the face of the plaintiff's properly pleaded complaint.").

Plaintiff indicates on the civil cover sheet that jurisdiction in this Court is based on federal question pursuant to § 1331. However, a review of the Complaint indicates there is only a state law claim for fraud. Thus, contrary to Plaintiff's assertion, the Court does not have federal subject matter jurisdiction. Moreover, Plaintiff has failed to meet its burden of establishing diversity jurisdiction. It is unclear whether Plaintiff has brought suit against John F. Kennedy International Airport and/or Emirates Airlines. Although Plaintiff has stated in the caption of the Complaint that the Airport is located in New York, the allegations pertain solely to Emirates Airline, and the Complaint does not address the citizenship of Emirates Airline.

In any event, even if the Court had subject matter jurisdiction over this action, the Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). The Complaint is comprised of unintelligible assertions that fail to allege Plaintiff's entitlement to relief. The allegations in the Complaint are insufficient to put Defendant on notice of the claim against it, as required by Federal Rule of Civil Procedure 8. Moreover, the allegations in the Complaint certainly do not satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b) required to state a claim for fraud. Accordingly, the Court *sua sponte* dismisses the Complaint. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: April 10, 2018

Hon. Dana M. Sabraw
United States District Judge